UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL KAMIENSKI | : | Civil Action No. 11-3056 (PGS) |
| Plaintiff, | : | |
| | : | MEMORANDUM & ORDER |
| ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, et al. | : | |
| Defendants. | : | |

This matter comes before the Court on a Motion by Plaintiff Paul Kamienski for reconsideration of the Court's September 24, 2013 Letter Order [dkt. no. 83]. The Ocean County Prosecutor's Office ("OCPO") Defendants have opposed the Motion [dkt. no. 84]. The Court has carefully considered the Parties' submissions pursuant to FED R. CIV. P. 78 and, for the reasons set forth below, Kamienski's Motion is **DENIED**.

**I.**

Since the parties are well acquainted with the facts and procedural history, the Court will only set forth those facts relevant to its decision. A more complete factual summary is contained in the Memorandum and Order of the Hon. Peter G. Sheridan, U.S.D.J., dated September 12, 2012. See dkt. no. 57.

In the earlier stages this action, Defendants filed a motion for summary judgment in lieu of an Answer, seeking dismissal of Plaintiff's § 1983 claims and state law claims based on Eleventh Amendment immunity, as well as qualified and absolute immunity. See dkt. no. 32. Plaintiff ultimately withdrew his § 1983 claims against the personally named OCPO Defendants in their official capacity, but maintained his suit against them in their individual capacities.

On September 12, 2012, Judge Sheridan granted Plaintiff leave to file an Amended Complaint in order to make specific allegations against the individual OCPO Defendants. <u>See</u> dkt. no. 57, at p. 10. The Court directed the parties to "engage in limited discovery as to the immunity defense" to address whether any of the defendants: (1) performed non-prosecutorial functions during the criminal investigation and during the judicial phase; (2) had any personal involvement in the alleged misconduct; and (3) unreasonably violated plaintiff's well-established constitutional and statutory rights. <u>Id.</u>

Subsequently, the parties' disputed the permissible scope of discovery under Judge Sheridan's Order. Both parties filed motions to compel, which were fully briefed and orally argued. <u>See</u> dkt. nos. 71, 72, 81. On September 24, 2013 the Court issued a Letter Order addressing the parties' dispute. <u>See</u> Letter Order of the Hon. Douglas E. Arpert, U.S.M.J., dated September 24, 2013, dkt. no. 82. Two aspects of the Court's Letter Order are now the subject of the instant Motion for Reconsideration. First, the Court ruled that Kamienski was not entitled to discovery of documents produced after June 20, 1988, the date the underlying criminal proceeding concluded. <u>Id.</u> Second, the Court granted the OCPO Defendants' request for limited discovery within the scope of Judge Sheridan's Order. <u>Id.</u> Kamienski now asks the Court to reconsider the first issue and clarify the second.

In response, the OCPO Defendants argue that Kamienski has not met the rigorous standard needed to succeed on a motion for reconsideration (i.e. proof that dispositive factual matters or controlling decisions of law were presented to the Court, but overlooked). <u>See</u> Defs.' Br., dkt. no. 84, at p. 4.

**II.**

Local Civil Rule 7.1(g) governs motions for reconsideration. It requires the moving party to "set forth concisely the matters or controlling decision which counsel believes [the Court] overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

**III.**

Kamienski has not satisfied the high standard required to succeed on a motion for reconsideration. Nearly all of Kamienski's arguments were proffered in his original Motion to Compel. The Court considered these arguments and, after careful analysis, concluded that good cause existed for its ruling.

With respect to Kamienski's first argument—that he is entitled to discovery after June 20, 1988—he merely reasserts the arguments set forth in his previous Motion to Compel. See dkt. nos. 72, 74, 83, 85, 89. As in his original Motion, Kamienski contends that discovery concerning post-1988 events is appropriate because such conduct is alleged in the First Amended Complaint and the claims survived Defendants' Motion for Summary Judgment. See Pl.'s Brief, dkt. no. 83, pp. 1-4. Kamienski argues that the Court has functionally granted an unmade Motion to Dismiss. See Pl.'s Brief, at p. 2. Notably, the Court already considered and rejected this exact argument in its original Order, reasoning that the discovery sought by Kamienski was outside the

scope of Judge Sheridan's Order. See Letter Order, dkt. no. 82, at p. 2. Mere disagreement with the Court's decision is not sufficient grounds to reverse the Court's earlier determination. Kamienski presents no new evidence or controlling law and, thus, fails to meet the standard for a successful motion for reconsideration.

With respect to Kamienski's request for clarification of the scope of discovery sought by the OCPO Defendants, it appears that Kamienski's confusion stems from the execution of the Court's holding rather than its meaning. In the September 24 Letter Order, the Court ruled that Defendants are entitled to discovery within the categories set forth by Judge Sheridan's Order. See dkt. no. 82, at p. 4. Accordingly, the Court directs Kamienski to submit any materials or information in his possession responsive to the OCPO Defendants' existing requests, as limited by the categories set forth in Judge Sheridan's Order. If Kamienski is unable to do so, he is instructed to identify the problematic requests and seek clarification from Defendants.

**IV.**

The Court, having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 4th day of December, 2013,

**ORDERED** that Kamienski's Motion for Reconsideration of the Letter Order [dkt. no. 82] is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**