# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL KAMIENSKI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-3056 (PGS)(DEA) |
| v. | : | |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.,* | : | |
| Defendants. | : | |
| ANTHONY ALONGI, | : | |
| Plaintiff, | : | Civil Action No. 11-6243 (PGS)(DEA) |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| MARLENE LYNCH FORD, *et al.,* | : | |
| Defendants. | : | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Defendants Marlene Lynch Ford, Thomas F. Kelaher, James W. Holzapfel, Ronald DeLingy, John Mercun, Samuel J. Marzarell, E. David Millard, James A. Churchill and Daniel Mahoney (collectively "Defendants"), for an Order dismissing Plaintiffs' Complaints pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) or, in the alternative, compelling Plaintiffs to respond to Defendants' interrogatories and requests for the production of documents, and requesting the revocation of Timothy J. McInnis, Esq.'s *pro hac vice* admission. *See* Civ. Action. No. 11-3056, Dkt. No.

1

102.[1] Plaintiffs Alongi and Kamienski oppose Defendants' Motion.[2] *See* Dkt. Nos. 104, 105. For the reasons set forth below, Defendants' Motion is DENIED in its entirety.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Since the parties are intimately familiar with the facts and procedural history of this case, the Court will only set forth those facts relevant to Defendants' present Motion.[3] Kamienski's Complaint was filed on May 26, 2011. *See* Dkt. No. 1. On October 28, 2011 Defendants filed a Motion for Summary Judgment in lieu of an Answer, seeking dismissal of Kamienski's claims brought under New Jersey state law and 28 U.S.C. § 1983 based on Eleventh Amendment immunity and qualified and absolute immunity.[4] *See* Dkt. No. 32. In response, Kamienski voluntarily dismissed his § 1983 claims against the personally named Defendants in their official capacities, but sought to maintain his claims against Defendants in their individual capacities. *See* Dkt. No. 37. On September 11, 2012, the Court dismissed Plaintiff Kamienski's § 1983 claims against the personally named Defendants in their official capacities and granted Plaintiff Kamienski leave to amend his Complaint to "add more specific factual allegations against the personally named [Defendants]" in their individual capacities. Dkt. No. 57 at p. 16. In addition, the Court directed the parties to "engage in limited discovery as to the immunity defense to address whether any of the [D]efendants:

> (1) performed non-prosecutorial functions during the criminal investigation and during the judicial phase;

---

[1] These two matters were consolidated for purposes of case management and pretrial discovery on February 25, 2013. *See* Civ. Action No. 11-3056, Dkt. No. 66. Defendants' present Motion was filed in Civ. Action No. 11-3056 and seeks to dismiss the Complaints of both Plaintiff Kamienski and Plaintiff Alongi. Unless otherwise noted, all docket entries in this Order refer to docket entries in Civ. Action. No. 11-3056.

[2] On March 25, 2015, the Court granted a Motion to substitute Julia Palma, Executrix of the Estate of Anthony Alongi, deceased, as the Plaintiff in this action. *See* Civ. Action. No. 11-6243, Dkt. No. 32. In the interest of clarity, the Court refers to the Plaintiff in this action as Plaintiff Alongi.

[3] An extensive factual summary of this matter can be found in the Court's September 12, 2012 Order. *See* Dkt. No. 32.

[4] The present Defendants are former and present prosecutors and investigators from the Ocean County Prosecutor's Office.

2

>   (2) had any personal involvement in the alleged misconduct; and
>   (3) unreasonably violated [Plaintiff Kamienski's] well-established constitutional and statutory rights.

*Id.* at p. 10. Pursuant to the Court's Order, Kamienski filed an Amended Complaint on October 12, 2012. *See* Dkt. No. 60.

The parameters of the Court's limited discovery directive set forth in the Court's September 11, 2012 Order have been heavily disputed by the parties. On June 7, 2013, both parties filed Motions to compel. *See* Dkt. Nos. 71, 72. In their Motion to compel, Defendants claimed that Plaintiffs had failed to respond to the interrogatories and document requests served by Defendants. *See* Dkt. No. 71. In opposition, Plaintiffs argued that Defendants were not entitled to any discovery prior to filing an Answer or responsive pleading to Kamienski's Complaint. *See* Dkt. Nos. 73, 74. The Court granted Defendants' Motion to compel finding that "Defendants are entitled to limited discovery on the topics specified in [the Court's] Order." Dkt. No. 82 at p. 4. Plaintiff Kamienski then moved for reconsideration of the Court's Order granting Defendants' Motion to compel. See Dkt. No. 83. In denying Plaintiff Kamienski's Motion for reconsideration, the Court noted the continued confusion surrounding the Court's limited discovery directive and instruction instructed Kamienski to:

>   Submit any materials or information in his possession responsive to [Defendants'] existing requests, as limited by the categories set forth in Judge Sheridan's Order. If Kamienski is unable to so, he is instructed to identify the problematic requests and seek clarification from Defendants.

Dkt. No. at p. 4.

Defendants' present Motion is based on the assertion that in violation of the Court's September 24, 2013 Order, Plaintiffs still have not adequately responded to Defendants'

3

discovery requests which were the subject of Defendants' June 7, 2013 Motion to compel.[5] As to Kamienski, Defendants assert that in violation of the Court's September 24, 2013 Order granting Defendants' June 7, 2013 Motion to compel, Kamienski has failed to adequately respond to Defendants' interrogatories, which were served on February 25, 2015 and Defendants' requests for the production of documents, which were served on February 28, 2015. Specifically, Defendants assert that Kamienski has "refused to provide any documents requested" and that the answers to their interrogatories provided by Kamienski on February 19, 2014 are "unresponsive". Dkt. No. 102, McCarthy Cert. at ¶ 18-19. In opposition, Kamienski claims that in compliance with the Court's September 24, 2013 Order, "Kamienski served his responses and objections to Defendants' outstanding discovery requests." Dkt. No. 105 at p. 7.

Turning to Alongi, Defendants claim that while Alongi's answers to interrogatories were "relatively responsive", Alongi has "barely" provided any documents to Defendants. In response,

---

[5] In his opposition, Kamienski identifies several procedural deficiencies with Defendants' Motion. Plaintiff asserts, and the Court agrees, that Defendants' present Motion fails to adhere to the Local Civil Rules in two important respects. First, in violation of Local Civil Rule 7.1, Defendants' Motion does not include a brief or "a statement that no brief is necessary and the reasons therefor." L. Civ. R. 7.1(d). Pursuant to the Local Civil Rules, a request for relief which is not accompanied by either a brief or a statement why no brief is necessary will not be considered by the Court. *See Ledgestone Associates, LLC v. Internet Methods*, 2008 WL 2625353, at *2 (D.N.J. June 27, 2008). Second, under Local Civil Rule 7.2(a):

> [a]ffidavits, declarations and certifications . . . shall be restricted to statements of facts within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both.

Contrary to the requirements of the Local Civil Rules, the Certification of John D. McCarthy submitted in support of Defendants' Motion is rife with argument and legal conclusions.

Notwithstanding Defendants' lack of compliance with the Local Civil Rules, in the interests of justice and efficiency, the Court will decide Defendants' Motion on the merits. However, the Court notes that the same deficiencies identified in Defendants' present Motion were raised by Plaintiffs in response to Defendants' June 7, 2013 Motion to compel. *See* Dkt. No. 74 at p. 2-3. All counsel are advised that any subsequent Motions which do not comply with the Local Civil Rules will not be considered by the Court and the continued improper use of certifications, affidavits or declarations may subject the signatory to appropriate censure, sanctions or both.

Alongi claims that he has complied with the Court's Orders and provided adequate responses to Defendants' discovery requests.

## II. DISCUSSION

**A. Defendants' Motion to Dismiss Plaintiffs' Complaints Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v)**

In their Motion, Defendants request the dismissal of Plaintiffs' Complaints pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) based on Plaintiffs' alleged lack of compliance with this Court's discovery orders directing the parties to engage in limited discovery as to the issue of immunity.[6] Plaintiffs oppose Defendants' Motion and claim that they have complied with the Court's orders and adequately responded to Defendants' discovery requests.

Federal Rule of Civil Procedure 37 authorizes courts to impose sanctions for failure to provide discovery or obey court orders. *See* Fed. R. Civ. P. 37(b)(2). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. However, "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, ... and are to be reserved for [such] cases." *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). It is well settled that the preference of the Third Circuit is to decide cases on the merits. *Medunic v. Lederer,* 533 F.2d 891, 893–94 (3d Cir.1976).

Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis,* 747 F.2d at 868. These factors include:

> (1) The extent of the party's personal responsibility; (2) the

---

[6] The Court notes that beyond the statement that dismissal of Plaintiffs' Complaints is sought pursuant to Rule 37(b)(2)(A)(v), Defendants' Motion to dismiss is completely devoid of any citations to legal authority or discussion of the applicable legal standard.

5

> prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Defendants' request for dismissal under Rule 37 is based on the assertion that Plaintiffs have violated the Court's September 24, 2013 Order which directed that both Plaintiffs and Defendants are entitled to "equal opportunity to conduct discovery on permitted topics." Dkt. No. 82 at p. 4. While Defendants acknowledge that Plaintiffs have provided responses to Defendants' discovery requests as instructed by the Court, Defendants contend that the responses are insufficient and therefore violate the Court's discovery directive.

### i. Plaintiff Kamienski

Defendants claim that the answers provided by Kamienski to Defendants' interrogatories are "unresponsive" and that in response to Defendants' documents requests, Kamienski has only provided 107 pages of documents. Kamienski claims that in accordance with the Court's September 24, 2013 Order, Kamienski served his responses and objections to Defendants' outstanding discovery requests, which included "a mix of substantive answers and the production of records, as well as, partial and outright objections to discovery demands." Dkt. No. 105 at p. 7. Kamienski asserts that far from disobeying the Court's orders, his discovery responses followed the Court's December 4, 2013 Order, which clarified the scope of discovery and directed that Plaintiff:

> Submit any materials or information in his possession responsive to [Defendants'] existing requests, as limited by the categories set

> forth in Judge Sheridan's Order. If Kamienski is unable to so, he is instructed to identify the problematic requests and seek clarification from Defendants.

Dkt. No. 90 at p. 4. Defendants' Motion is based exclusively on Plaintiffs' alleged failure to obey the September 24, 2013 Order and interestingly contains no reference to the Court's subsequent Order of December 4, 2013. While Defendants may not be satisfied with Kamienski's answers to Defendants' interrogatories or with the quantity of documents produced by Kamienski, the Court finds that Kamienski's responses are in compliance with the Court's December 4, 2013 Order.

### ii. Plaintiff Alongi

According to Defendants, while Alongi's answers to Defendants' interrogatories were "relatively responsive", Alongi has "barely provided [Defendants] with any documents despite the fact that he litigated the underlying criminal case for more than three decades." Dkt. No. 102 at ¶ 23. In response, Alongi claims that he has been fully cooperative with Defendants and has produced all documents in his possession relevant to Defendants' requests. Aside from their dissatisfaction with the quantity of documents produced by Alongi, Defendants have failed to demonstrate any way in which Alongi has failed to comply with Court's orders.

Although Defendants' assert that dismissal of Plaintiffs' Complaints is warranted because Plaintiffs "continue to blatantly disobey the [Court's] September 24, 2013 Order and assert that they either do not have documents, or are not required to produce documents", there is nothing before the Court to suggest that Plaintiffs have, "blatantly" or otherwise, disobeyed any of the Court's Orders. While Defendants may be dissatisfied with the responses provided by Plaintiffs, the Court finds that Plaintiffs, in accordance with the Court's December 4, 2013 Order, submitted the materials in their possession responsive to Defendants' requests and identified and

objected to the "problematic" requests. Accordingly, because the Court finds that Plaintiffs have not disobeyed any of the Court's orders or displayed other conduct requiring sanctions, especially the extreme sanction of dismissal, Defendants' Motion to dismiss Plaintiffs' Complaints pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) is DENIED.[7]

### B. Defendants' Motion to Compel

In the alternative to dismissal, Defendants seek an Order compelling "Kamienski to provide complete answers to [Defendants'] interrogatories and request for production of documents" and requiring that Alongi "provide complete answers to our request for production of documents and immediately produce all requested documents." Dkt. No. 102 at ¶ 41-42.[8] Plaintiffs oppose Defendants Motion to compel claiming that they have adequately responded to Defendants' discovery requests.

It is well established that the scope of discovery in federal litigation is broad. *See* Fed. R. Civ. P. 26(b)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Moreover, information sought by the parties need not be admissible at trial if it is "reasonably calculated" to lead to discovery of admissible evidence. Fed. R. Civ. P. 26.

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has

---

[7] In addition to the dismissal of Plaintiffs Complaints, Defendants request that the Court order sanctions under Rule 37(b)(2)(C). Based on the Court's finding that Plaintiffs have not disobeyed any of the Court's orders, Defendants' request for sanctions pursuant to Rule 37(b)(2)(C) is DENIED.

[8] Again, the Court notes that beyond stating that the present Motion to compel is made pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), Defendants' Motion is devoid of any citation to legal authority or discussion of the applicable legal standard.

had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible . . . while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Schmulovich v. 1161 Rt. 9 LLC*, 2007 U.S. Dist. LEXIS 59705, at \*3-4 (D.N.J. 2007); *see also Pearson*, 211 F.3d at 65; Fed. R. Civ. P. 26(c).

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Ultimately, it is within the discretion of the Court to grant a motion to compel disclosure for good cause shown. *In re Cendant Corp. Sec. Litig.*, 343 F. 3d 658, 661 (3d Cir. 2003).

Defendants contend that Kamienski's answers to their interrogatories are "wholly inadequate." Dkt. No. 106 at p. 2. In response, Kamienski claims that he provided several substantive answers and stated any objections to Defendants' requests. Specifically, Kamienski objected to several interrogatories as not related to Defendants' immunity defense, outside the scope of Kamienski's knowledge or overly burdensome. Even in light of these objections, Kamienski asserts that he gave his "best response" to Defendants' requests. Dkt. No. 105 at p. 10. In their reply brief, Defendants set forth the interrogatories that have not been answered to their satisfaction and state the basis for their assertion that Kamienski should be required to provide additional information. *See* Dkt. No. 106. As to Defendants' document requests, Defendants initially claim that Kamienski has refused to provide "a single document" and then later claim that Kamienski has only provided 107 pages of documents. Dkt. No. 106 at p. 9-10.

In response, Kamienski states that he has provided 220 pages of materials to Defendants and specified proper objections to any documents within his possession which were not produced in response to Defendants' requests.

Turning to Plaintiff Alongi, Defendants argue that while Alongi's answers to their interrogatories were "relatively responsive", he has "provided barely any documents." Dkt. No. 106 at p. 10. Defendants claim that the only documents provided by Alongi were an order of expungement and a notice of tort claim, and that despite Alongi's reference to his medical recordsin his response to a question on the tort claim form, he has not provided any of his medical records. In response, Alongi claims that he has produced all responsive records in his possession. Alongi further argues, and the Court agrees, that his medical records are outside the limited scope of discovery defined by the Court's September 11, 2012 Order.

Although Defendants contend that the responses to their discovery requests provided by Plaintiffs are incomplete and evasive, the Court does not wish to engage in the minutia of each interrogatory, document request and response. Since the entry of the Court's September 11, 2012 Order, this case has been mired in disputes and disagreements as to the scope of discovery allowed by the Court's Order and the sufficiency of the parties' answers and objections to discovery requests. More than four years have passed since the filing of this case and almost three years have passed since the Court ordered the parties to engage in limited discovery as to Defendants' immunity defense. At the present juncture, the Court finds that the parties have engaged in adequate discovery as to Defendants' immunity defense to allow this case to move forward and that the interests of justice require that this matter be restored on a path towards resolution. Concluding this lengthy period of discovery, which was intended to be limited, and directing this matter onto a more productive trajectory by requiring Defendants to file an Answer

or responsive pleading to the Amended Complaint will move this case forward and will not preclude the parties from engaging in discovery in the future. Accordingly, Defendants' Motion to compel discovery from Plaintiffs Kamienski and Alongi is DENIED, the period of limited discovery permitted by the Court's September 11, 2012 Order is concluded and Defendants are required to respond to Kamienski's Amended Complaint within ten (10) days from the entry of this Order.

### C. Defendants' Motion to Revoke the Pro Hoc Vice Admission of Timothy J. McInnis

In addition to seeking the dismissal of Plaintiffs' Complaints, Defendants request that the *pro hac vice* admission of Kamienski's counsel, Timothy J. MicInnis, be revoked based on Mr. McInnis' alleged "complete disregard for this [C]ourt's [O]rder of September 24, 2013." Dkt. No. 102 at ¶ 44. In support of their request, Defendants claim that Mr. McInnis has displayed an "utter disregard for this [C]ourt's discovery orders." *Id.* at ¶ 47. According to Defendants, "[b]ecause of Mr. McInnis' failure to abide by the [Court's] September 24, 2013 Order, more than a year of discovery has been wasted." *Id.* at ¶ 48.

Admission *pro hac vice* is a privilege, and may be revoked as a sanction for unethical behavior. *See Johnson v. Trueblood,* 629 F.2d 302, 304 (3d Cir.1980); L. Civ. R. 101.1(c)(1) (*pro hac vice* admission is "in the discretion of the court"). The Third Circuit has specified that "a violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of *pro hac vice* status." *Johnson,* 629 F.2d at 304. "An attorney admitted *pro hac vice* in the courts of this State or the federal district court is subject to discipline, which may include a denial of future *pro hac vice* admissions by reason of 'countervailing considerations.'" *Arnold, White & Durkee, Professional Corp. v. Gotcha Covered, Inc.,* 314 N.J.Super. 190, 714

A.2d 360, 366 (N.J .App.Div.1998), *cert. denied,* 157 N.J. 543, 724 A.2d 803 (N.J.1998) (citing *Nat'l Ass'n for the Advancement of Colored People v. State of New Jersey,* 312 N.J.Super. 552, 557–59, 563–65, 711 A.2d 1355 (N.J.App.Div.1998)). Although *pro hac vice* admission is a privilege subject to revocation, the Third Circuit has recognized the practitioner's strong interest in the privilege, and as such, has held that prior to revocation "the attorney be given a meaningful opportunity to respond to identified charges." *See Johnson,* 629 F.2d at 303.

While Defendants claim that Mr. McInnis has failed to comply with Orders of this Court and delayed discovery in this case, Defendants have failed to demonstrate a single instance in which Mr. McInnis has displayed unethical behavior warranting the revocation of his *pro hac vice* admission. Defendants' conclusory statement that Mr. McInnis has engaged in "unethical tactics" is unavailing, especially in light of the Court's finding that Kamienski has adequately complied with the Court's discovery orders and Defendants' discovery requests. Contrary to Defendants' assertion that Plaintiffs have delayed discovery in this matter, the Court finds that Defendants' present Motion, which glaringly fails to comply with the Local Civil Rules, has contributed to the delay in the advancement and resolution of this matter. Accordingly, Defendants' request for the revocation of Mr. McInnis' *pro hac vice* admission is DENIED.

### III.  CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 9th day of June, 2015,

**ORDERED** that Defendants' Motion seeking an Order dismissing Plaintiffs' Complaints pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) or, in the alternative, compelling Plaintiffs to respond to Defendants' interrogatories and requests for the production of documents,

and requesting the revocation of Timothy J. McInnis, Esq.'s *pro hac vice* admission [Civ. Action. No. 11-3056, Dkt. No. 102] is **DENIED** in all respects; and it is further

**ORDERED** that the period of limited discovery ordered by the Court's September 11, 2012 Order is concluded; and it is further

**ORDERED** that Defendants are required to file an Answer or responsive pleading to Kamienski's Amended Complaint within ten (10) days from the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge